UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NHELTA KAYREN

    Plaintiff,

V.                                          CIVIL ACTION NO

VISION FINANCIAL COLLECTION SERVICES, INC.   PJM10CV1336

Defendant.                          MAY 17, 2010

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Ft. Washington, MD.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant is a collector within the MCDCA.

7. Defendant is a foreign corporation engaged in the business of collecting debts in the State of Maryland with a principal place of business located 11960 Westline

Industrial Drive, Suite 36, Maryland Heights, MO 63146

and is authorized to do business in Maryland.

8. The principal purpose of Defendant business is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

9. Defendant communicated with Plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt.

10. The Plaintiff contacted the Defendant via telephone on or about March 2010 in an attempt to dispute a debt alleged by Defendant to be owed by Plaintiff.

10. The Defendant Failed to advise the Plaintiff of the required Notice pursuant to §1692e (11).

12. The Defendant advised the Plaintiff that she could not orally dispute this debt, which statement is false, deceptive and misleading in violation of §1692e.

13. The Defendant's employee who identified herself as Mary, stated Plaintiff was not able to dispute a collection letter dated, dated February 18, 2010, which my client disputes, every receiving, then Mary stated the collecting letter was sent on March 3, 2010 and technically my client was not allowed to dispute this debt after, April 3, 2010, which statement is false, deceptive and misleading and in violation of §1692g.

14. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e, f and g.

SECOND COUNT:

15. The allegations of the First Count are repeated and realleged as if fully set forth herein.

16. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

17. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff statutory damages pursuant to the FDCPA.
2. Award Plaintiff statutory damages pursuant to MDCDCA.
3. Award Plaintiff costs of suit and a reasonable attorney's fee.
4. Award such other and further relief as this Court may see fit.

THE PLAINTIFF

BY _____
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com